## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **OBADIAH INC. dba IDEAL FLOORS** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -v- | ) | |
| | ) | Case No. _____ |
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY** | ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW OBADIAH, INC. dba IDEAL FLOORS, Plaintiff herein,** complaining of **LIBERTY MUTUAL INSURANCE COMPANY**, Defendant, and for their causes of action would show the following:

### PARTIES TO THIS COMPLAINT

1.     **OBADIAH, INC. dba IDEAL FLOORS** ("Plaintiff") is a corporation doing business in Garland, Texas.

2.     Defendant **LIBERTY MUTUAL INSURANCE COMPANY** ("Defendant" or "Liberty Mutual") is an insurance company doing business in Texas. Defendant may be served by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever an officer of Defendant may be found.

### JURISDICTION AND VENUE

3.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4.     Jurisdiction is proper because there is complete diversity between the parties and

the amount in controversy is over $75,000.

5.      In support of Obadiah's claim of jurisdiction based on complete diversity, see 28 U.S.C. § 1332(a). Obadiah is a business domiciled in Dallas County, Texas. Thus, for diversity purposes, Obadiah is a citizen of Texas. Liberty Mutual is a corporation organized under the laws of the State of Illinois, with its principal place of business in Boston, Massachusetts. Accordingly, complete diversity of citizenship exists between Obadiah and Liberty Mutual.

6.      In support of Obadiah's claim of jurisdiction based on the amount in controversy, see 28 U.S.C. § 1332(a). The amount in controversy is more than $75,000, not including interest and costs of court, because the damage to Obadiah's property, which forms the basis of its statutory damages claimed under the Texas Deceptive Trade Practices Act and Texas Insurance Code exceed $75,000.00. Obadiah additionally seeks its interest, costs, and attorney fees.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas, Dallas Division where the subject Property is located.

## STATEMENT OF FACTS

8.      Obadiah is a Dallas business owner, formed in 1986, that sells flooring and associated products to the public. Obadiah's primary place of business is 1211 W. Buckingham Rd, Garland, Texas 75040 ("the Property").

9.      During all times relevant to this dispute, the Property was insured by Defendant under a single property and casualty insurance policy no. 39-SBA-AJ6R98 ("the Policy"), including at the time of the losses made the subject of this lawsuit.

10.      On or about October 20, 2019, at least nine tornados touched down in North Texas, bringing with them hail, high winds and rain ("the Weather Event"). This Weather Event

caused an estimated $1.5 billion dollars of damage throughout North Texas, making it the costliest tornado event in Texas history.[1] Unfortunately for Obadiah, it's Property was one of the properties affected by this Weather Event. The Property suffered hail and storm related damage which necessitates replacement of the roof, HVAC, and other associated damaged building components.

11.    The Property was struck again by wind, hail and rain on July 15, 2020, resulting in additional property damage occurring within the same policy period as the October 2019 Weather Event.

12.    Obadiah reported these claims to Liberty and provided Liberty with an estimate from its general contractor, Branchstone Roofing and General Contracting, for the repairs at the Property needed to return the Property to its pre-damage condition.

13.    Liberty has inspected the Property numerous times, but denied coverage for Obadiah's loss, citing limitations in the Policy regarding water damage, wear and tear, and previous damage.

14.    Liberty has breached its contractual obligations under the Policy in effect at the time of Obadiah's loss in one or more of the following ways: (a) failing to pay full benefits due in a timely manner in accordance with the terms of the policy; (b) failing to provide a reasonable explanation of the basis for denying the claim; and (c) failing to promptly and equitably pay the claim once liability had become reasonably clear. This breach by Liberty is a proximate cause of the damages suffered and to be suffered in the future by Obadiah, for which Obadiah will be filing suit.

---

[1] https://www.nbcdfw.com/news/local/new-lawsuits-filed-two-years-after-2019-tornado-outbreak/2776320/#:~:text=That%20Dallas%20tornado%20on%20the,tornado%20event%20in%20Texas%20history.

15.    The sums requested and the remedies sought herein do not constitute the only remedies available to Obadiah pursuant to Texas law, nor do those elements of damage identified herein comprise the only damages Obadiah will seek should trial become necessary.

## AGENCY

16.    Obadiah hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

17.    All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment.

18.    Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).

19.    All violations under subsection 541.060(a) are made actionable by TEX. INS. CODE § 541.151.

20.    Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code.

## CAUSES OF ACTION

**A.    First Cause of Action-Breach of Contract**

21.    Obadiah hereby incorporates the facts recited elsewhere herein by reference and would further show as follows:

22.    Obadiah contracted with Defendant for property and casualty insurance on the Property made the basis of this lawsuit.

23.     As part of the contract for insurance, Obadiah paid Defendant premiums as required under the terms of the Policy.

24.     Defendant, in the Policy, agreed to indemnify Obadiah for physical loss of or damage to Covered Property at the Property caused by or resulting in a Covered Cause of Loss. The damage at issue in this suit was the type for which coverage should have been extended.

25.     Defendant breached the insurance contract in one or more of the following ways:

    a.    Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;

    b.    Failing to provide a reasonable explanation of the basis for denying the claim; and

    c.    Failing to promptly and equitably pay the claim once liability had become reasonably clear.

26.     Defendant's breach(es) is/are a proximate cause of the damages suffered and to be suffered in the future by Obadiah, for which Obadiah now sues.

**B.    Second Cause of Action-Negligence**

27.     Obadiah hereby incorporates the facts recited elsewhere herein by reference and would further show as follows:

28.     Defendant owed a duty to Obadiah to adjust the claim and pay the loss in accordance with the standards in the insurance industry.

29.     Defendant breached its duty to Obadiah in one or more of the following ways:

    a.    Failing to properly investigate the claim;

    b.    Failing to properly adjust the claim;

    c.    Failing to pay the claim in a timely manner.

30.    These acts or omissions by Defendant, singularly or in any combination, are a proximate cause of the damages suffered and to be suffered in the future by Obadiah, for which Obadiah now sues.

**C.    Third Cause of Action-Breach of Good Faith and Fair Dealing**

31.    Obadiah hereby incorporates the facts recited elsewhere herein by reference and would further show as follows:

32.    From and after the time the Defendant conducted its first inspection, Defendant's liability to indemnify Obadiah for the Damages sustained by it during the Policy Period was reasonably clear.

33.    Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Obadiah's claims, Defendant refused to indemnify Obadiah for its Damage.

34.    Consequently, Defendant breached its duty to deal fairly and in good faith with Obadiah.  Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by Obadiah as more specifically described elsewhere herein and below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendant.

35.    Obadiah seeks exemplary damages in an amount to be assessed by the trier of fact caused by Defendant's bad faith.

**D.    Fourth Cause of Action—Deceptive Trade Practices**

36.    Obadiah hereby incorporates the facts recited elsewhere herein by reference and would further show as follows:

37.    Defendant engaged in certain false, misleading, and deceptive acts, practices,

and/or omissions actionable under the Texas Deceptive Trade Practices Act (Texas Bus. and Comm. Code, Chapter 17.41, et seq.) ("the DTPA"), as alleged herein below.

38.    Notice was given to Defendant under Section 17.505 of the DTPA on July 19, 2022 and October 14, 2022 as part of Obadiah's 542A Notices.

39.    Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code. These violations include, but are not limited to:

    a.    representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; and/or

    b.    representing that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another; and/or

    c.    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and/or.

    d.    failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

    e.    failing to properly investigate Obadiah's claim (§ 541.060(7)); and/or

    f.    hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented denial of Obadiah's damage

claims (TEX. BUS. & COM. CODE § 17.46(31)).

40.     <u>Unconscionable Action or Course of Action</u>. Defendant engaged in one or more "unconscionable action(s) or course(s) of action" to the detriment of Obadiah as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Obadiah to a grossly unfair degree.

**E.     Fifth Cause of Action - Breach of The Common Law Duty of Good Faith & Fair Dealing**

41.     Obadiah hereby incorporates the facts recited elsewhere herein by reference and would further show as follows:

42.     From and after the time of the initial insurance inspection, Defendant's liability to pay the full claim in accordance with the terms of the Policy was more than reasonably clear.

43.     However, Defendant has refused to acknowledge Obadiah's damages or to indemnity Obadiah for those damages, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny coverage. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

44.     For the breach of the common law duty of good faith and fair dealing, Obadiah is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach thereof, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Obadiah, and/or exemplary damages for emotional distress.

**F.     Sixth Cause of Action – Violations of Texas Insurance Code**

45.     Obadiah hereby incorporates the facts recited elsewhere herein by reference and would further show as follows:

46.     Defendant engaged in unfair claim settlement practices prohibited by section

541.060 of the Texas Insurance Code. Notice was given to Defendant under section 541.514 of the Texas Insurance Code in Obadiah's July 19, 2022 and October 13, 2022 notices.

47.    Specifically, Defendant:

    a.    misrepresented to Obadiah materially pertinent facts or policy provisions relating to a coverage issue, Texas Insurance Code section 541.060(a)(1) and/or

    b.    failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Obadiah's claim even though Defendant's liability had become reasonably clear (section 541.060(a)(2)(A); and/or

    c.    failed to promptly provide Obadiah a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of a claim or offer of a compromise settlement of a claim; and/or

    d.    forcing Obadiah to file suit to recover amounts due under the policy and refusing pay all benefits due (section 542.003(b)(5); and/or

    e.    refusing to pay the award of appraisal; and/or

    f.    engaging in false, misleading, and deceptive acts or practices under the DTPA section 541.151(2); and/or

    g.    failing to pay a valid claim after receiving all reasonably requested recorded items from the policyholder (section 541.058(a).

48.    A violation of the Texas Insurance Code is a direct violation of the DTPA and because Defendant's actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Obadiah is entitled to miscellaneous damages and additional penalty damages in an amount not to exceed (3) three times the amount of actual damages for

Defendant having knowingly, intentionally, and/or negligently committed said action and conduct. Section 541.152

49.     The acts, practices and/or omissions complained of were the producing cause of Obadiah's damages more fully described herein below. Further, Defendant's aforementioned conduct compelled Obadiah to initiate this lawsuit to recover amounts due under the policy, by offering substantially less than the amount ultimately to be recovered, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Obadiah to file suit pursuant to Insurance Code Section 542.003(5).

50.     The acts, practices, and/or omissions now complained of hereunder were relied upon by Obadiah to its detriment.

## KNOWLEDGE

51.     Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code and were a producing cause of Obadiah's damages described herein.

## DAMAGES

52.     The aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Obadiah.

53.     For breach of contract, Obadiah is entitled to regain the benefit of Obadiah's bargain under its insurance contract with Defendant, which is the amount of Obadiah's claim, together with attorney's fees.

54.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Obadiah is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees.

55.     For knowing conduct of the acts complained of, Obadiah asks for three times its actual damages. TEX. INS. CODE § 541.152.

56.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Obadiah is entitled to the amount of Obadiah's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57.     For breach of the common law duty of good faith and fair dealing, Obadiah is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58.     For the prosecution and collection of this claim, Obadiah have been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Obadiah is entitled to recover a sum for the reasonable and necessary services of Obadiah's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.     Defendant's acts have been the producing and/or proximate cause of damage to Obadiah, and Obadiah seeks an amount in excess of the minimum jurisdictional limits of this Court in recovery thereof.

## ADDITIONAL DAMAGES & PENALTIES

60.     Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Obadiah is therefore entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

**ATTORNEYS' FEES**

61.     As a result of Defendant's breaches, unfair and deceptive actions and conduct, and violation of the Texas Insurance Code, Obadiah has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.

62.     Accordingly, Obadiah also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under Texas law, including without limitation  the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE § 38.001.

**COMPEL MEDIATION**

63.     Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Obadiah requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

**CONDITIONS PRECEDENT**

64.     By letters dated July 19, 2022 and October 13, 2022, Obadiah gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the Texas Insurance Code Sections 541 and 542 et seq.

65.     Obadiah provided its initial notice of its statutory claims under the DTPA and Insurance Code more than 60 days prior to the date suit was initiated as required by Texas Insurance Code 542A.003 and Texas Business and Commerce Code 17.505(a).

66.     All other conditions precedent to filing suit have been met, including Obadiah's payment of the insurance premium required under the Policy to Defendant.

## PRAYER

For these reasons, Plaintiff, Obadiah, Inc. seeks recovery of and judgment against Liberty Mutual Insurance Co for:

(a)    Actual damages;

(b)    Reasonable and necessary attorney's fees;

(c)    Extra-contractual damages for Defendant's violations of the Texas Insurance Code and the Texas Insurance Code including exemplary and punitive damages for knowing violations:

(d)    Pre-judgment and post-judgment interest as allowed by law;

(e)    Costs of court;

(f)    All other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Brian L. Benitez*
Karen Ensley, SBN 24045835
Karen@EBLawTexas.com
Brian L. Benitez, SBN 24082679
Brian@EBLawTexas.com
Maddy Hayes, SBN 24106067
Maddy@EBLawTexas.com
**Ensley Benitez Law, PC**
12222 Merit Dr, Ste 900
Dallas, Texas 75251
Ph: 469-983-6500
Fax: 469-983-7070
**COUNSEL FOR PLAINTIFF OBADIAH, INC.**